UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION



**United States Courts
Southern District of Texas
FILED**

AUG 1 5 2017

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br>-vs-<br><br>THE M/Y GALACTICA STAR, BEING A 65-METER MOTOR YACHT BUILT BY HEESEN SHIPYARDS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9679830, AND REGISTERED UNDER THE LAWS AND FLAG OF THE CAYMAN ISLANDS AT THE PORT OF GEORGE TOWN, INCLUDING ALL FIXTURES, FITTINGS, MANUALS, STOCKS, STORES, INVENTORIES, AND EACH LIFEBOAT, TENDER, AND OTHER APPURTENANCE THERETO, INCLUDING, BUT NOT LIMITED TO, THE TENDER BOAT RECORDED AS A 7.5 METER DARIEL "GUEST TENDER" WITH ID/SERIAL NO. DRLDT759G313, AND ANY PROPERTY TRACEABLE THERETO;<br><br>ANY AND ALL FUNDS, PROCEEDS, CASH, OR BENEFITS TO BE DISBURSED OR OTHERWISE OWING TO ONE57 79 INC., OR TO ITS SUCCESSORS OR ASSIGNS, OUT OF ANY SURPLUS FUNDS RESULTING FROM THE FORECLOSURE AUCTION, TO BE HELD ON OR ABOUT JULY 19, 2017, OF REAL PROPERTY LOCATED IN NEW YORK, N.Y., AND COMMONLY KNOWN AS 157 WEST 57TH STREET, UNIT 79, NEW YORK, N.Y. 10019;<br><br>REAL PROPERTY LOCATED IN NEW YORK, N.Y., COMMONLY KNOWN AS 1049 FIFTH AVENUE, UNITS 11B AND 12B, NEW YORK, N.Y. 10032, AND ALL APPURTENANCES, IMPROVEMENTS, | VERIFIED CLAIM AND STATEMENT OF INTEREST IN DEFENDANT PROPERTY BY THE FEDERAL REPUBLIC OF NIGERIA<br><br>CIVIL ACTION NO.: 4:17-CV-02166 |

1

AND ATTACHMENTS LOCATED
THEREON, AND ANY PROPERTY
TRACEABLE THERETO;

REAL PROPERTY LOCATED IN
MONTECITO, CALIF., COMMONLY
KNOWN AS 807 CIMA DEL MUNDO
ROAD, MONTECITO, CALIF. 90077,
AND ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS
LOCATED THEREON, AND ANY
PROPERTY TRACEABLE THERETO;

REAL PROPERTY LOCATED IN
MONTECITO, CALIF., COMMONLY
KNOWN AS 815 CIMA DEL MUNDO
ROAD, MONTECITO, CALIF. 90077,
AND ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS
LOCATED THEREON, AND ANY
PROPERTY TRACEABLE THERETO;

ALL RIGHTS AND INTERESTS HELD
BY RIVERMOUNT INTERNATIONAL
LTD., OR ITS AFFILIATES OR ASSIGNEES,
IN THE SUBORDINATED CONVERTIBLE
PROMISSORY NOTE EXECUTED
BETWEEN CROSS HOLDINGS, INC., AND
RIVERMOUNT INTERNATIONAL LTD.,
DATED ON OR ABOUT JULY 15, 2015, AS
VARIED OR AMENDED BY THE PARTIES
THERETO, AND ALL PROPERTY
TRACEABLE THERETO,

               Defendants *In Rem*

## VERIFIED CLAIM AND STATEMENT OF INTEREST OF THE FEDERAL REPUBLIC OF NIGERIA

Without waiving any rights to contest jurisdiction in this matter, the Federal Republic of Nigeria ("Nigeria"), by and through undersigned counsel, submits this Verified Claim pursuant

2

to 18 U.S.C. § 983 and Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Actions ("Supplemental Rules") and states in support as follows:

1. The Federal Republic of Nigeria has a claim to, and interest in, all of the property alleged to be subject to forfeiture in this Action (the "Claimed Property"), namely:

    a. The M/Y Galactica Star, being a 65-meter motor yacht built by Heesen Shipyards with International Maritime Organization number 9679830, and registered in the Cayman Islands at the Port of George Town, including all fixtures, fittings, manuals, stocks, stores, inventories, and each lifeboat, tender, and other appurtenance thereto, including, but not limited to, the tender boat recorded as a 7.5 meter Dariel "guest tender" with ID/Serial No. DRLDT759G313, and any property traceable thereto (hereinafter the "GALACTICA STAR");

    b. any and all funds, proceeds, cash, or benefits to be disbursed or otherwise owing to One57 79 Inc., or to its successors or assigns, out of any surplus funds resulting from the foreclosure auction to be held on or about July 19, 2017, of real property located in New York, N.Y., and commonly known as 157 West 57th Street, Unit 79, New York, N.Y. 10019, as more fully described in Attachment A to the United States' Verified Complaint ECF Docket #1 (hereinafter the "157 WEST 57TH STREET SURPLUS PROCEEDS");

    c. real property located in New York, N.Y., commonly known as 1049 Fifth Avenue, Units 11B and 12B, New York, N.Y. 10032, as more fully described in Attachment B to the United States' Verified Complaint ECF Docket #1, and all appurtenances, improvements, and attachments located thereon, and any property traceable thereto (hereinafter the "1049 FIFTH AVENUE UNITS");

    d. real property located in Montecito, Calif., commonly known as 807 Cima del Mundo Road, Montecito, Calif. 90077, as more fully described in Attachment C to the United States' Verified Complaint ECF Docket #1, and all appurtenances, improvements, and attachments located thereon, and any property traceable thereto (hereinafter "807 CIMA DEL MUNDO ROAD");

    e. real property located in Montecito, Calif., commonly known as 815 Cima del Mundo Road, Montecito, Calif. 90077, as more fully described in Attachment D to the United States' Verified Complaint ECF Docket #1, and all appurtenances, improvements, and attachments located thereon, and any property traceable thereto (hereinafter "815 CIMA DEL MUNDO ROAD");

    f. all rights and interests held by Rivermount International Ltd., or its affiliates or assignees, in the Subordinated Convertible Promissory Note executed between Cross Holdings, Inc., and Rivermount International Ltd., dated on or about July 15, 2015, as varied or amended by the parties thereto, and all property traceable thereto (hereinafter the "CROSS HOLDINGS PROMISSORY NOTE").

2. Nigeria asserts a claim to, and interest in, all of the Claimed Property and contests its forfeiture. Nigeria's interest in all of the Claimed Property is as follows:

    a. Nigeria is the innocent owner of all of the Claimed Property and upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the Claimed Property including through: (i) initiating and conducting independent criminal investigations into Dezani Alison-Madueke ("Alison-Madueke") and her co-conspirators Kolawole Akanni Aluko ("Aluko") and Olajide Omokore ("Omokore") (collectively, the

4

"Conspirators"), Omokore has been arrested by Nigerian authorities while Alison-Madueke and Aluko remain at large; and (ii) instituting asset forfeiture proceedings in Nigerian Courts against all property connected to the criminal activities of the Conspirators.

b. All of the Claimed Property constitutes proceeds of theft, embezzlement, or misappropriation by the Conspirators of public funds from Nigeria's treasury.

c. All of the Claimed Property constitutes proceeds of criminal breach of trust, official corruption, abuse of office and other criminal activities perpetrated by the Conspirators, particularly Dezani Alison-Madueke in violation of Nigeria's criminal and penal statutes.

d. By reason of the fraudulent, corrupt, criminal and otherwise wrongful means by which the Conspirators obtained or derived all of the Claimed Property, the Conspirators had no legal or equitable right, claim or interest therein but instead the Conspirators and each of them were involuntary trustees holding all of the Claimed Property and profits, proceeds or property traceable thereto in constructive trust for Claimant Nigeria with the duty to convey the same to Nigeria forthwith.

e. The criminal enterprise and activities of the Conspirators were well-publicized and are matters of common knowledge. Any alleged acquisitions of interest(s) in the Claimed Property after the conduct giving rise to the forfeiture took place, were part of a deliberate scheme by and between the Conspirators and other persons/entities to launder and conceal ill-gotten money. Such alleged acquisitions were done without regard for and/or compliance with Bank Secrecy

Act ("BSA") and Anti-Money Laundering ("AML") regulations. Any claims by third parties that such acquisitions constitute innocent ownership or that they (i.e. third parties) were bona fide purchases for value are therefore null, void and of no effect.

3. By virtue of the foregoing, Nigeria owns all of the Claimed Property and/or has a beneficial interest and/or other financial stake in all of the Claimed Property.

4. Nothing in this Verified Claim is intended to waive any rights to challenge the sufficiency of the allegations in the Verified Complaint, including but not limited to, the identity of the property sought to be forfeited.

5. Pursuant to Supplemental Rule E(8), Nigeria appears before this Court for the limited and narrow purpose of asserting and defending this claim in this *in rem* forfeiture action. Nigeria's appearance does not constitute an appearance for any other purpose, nor does Nigeria consent to the jurisdiction of this Court or any other Court.

Dated:   August 11, 2017

Respectfully submitted,

/s/Sedoo A. Manu
Gerald O. Egbase (CA: 213331)
Adam Apollo (CA 285829)
Sedoo A. Manu (CA 308860)
**A.O.E LAW & ASSOCIATES**
350 S. Figueroa St., Ste. 189
Los Angeles, CA 90071
Tel: (213) 620-7070
Fax: (213) 620-1200
info@aoelaw.com

*Attorneys for Claimant Federal Republic of Nigeria*

## **VERIFICATION**

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury under the laws of the United States of America as follows:

1. That I am the Honorable Attorney General and Minister of Justice for the Federal Republic of Naigeria

2. That as Honorable Attorney General and Minister of Justice for the Federal Republic of Nigeria, I serve as Nigeria's Chief Law Officer.

3. That the foregoing Verified Claim is true and correct.

4. That Nigeria holds the stated interest in the properties listed in the above Verified Claim.

Executed on August 11, 2017, at Abuja, Nigeria.

_____

**Honorable Abubakar Malami, SAN**
**Honorable Attorney General of the Federal and Minister of Justice**