UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
                                                                  )
**UNITED STATES OF AMERICA,**           )       CIVIL ACTION No. 4:17-cv-02166
                                                                  )
    **Plaintiff,**                                      )
                                                                  )
                                                                  )       **UNOPPOSED MOTION FOR**
    **- v.-**                                             )       **LEAVE TO FILE FIRST**
                                                                  )       **AMENDED VERIFIED**
**THE M/Y GALACTICA STAR,** *et al.*    )       **COMPLAINT**
                                                                  )
    **Defendants** *In Rem*                      )
_____)

       Comes now the Plaintiff, the United States of America, through its undersigned attorneys, and respectfully requests, pursuant to Federal Rule of Civil Procedure 15(a)(2), that the Court grant leave to file the attached First Amended Verified Complaint in this civil asset forfeiture action. The proposed amendments do not add any additional claims or defendants *in rem*. Rather, they are principally intended to more accurately and particularly identify one of the already-named defendants *in rem*, the description of which in the original Complaint is now outdated due to developments in collateral litigation before the New York Supreme Court and the U.S. Bankruptcy Court for the Southern District of Florida.

       The amendments are brought in good faith and in a timely manner and would not prejudice any party to this action. On October 12, 2017, counsel for the United States conferred with counsel for claimant Farmers and Merchants Bank of Long Beach ("Farmers & Merchants") and claimant Federal Republic of Nigeria ("FRN") and this motion is **unopposed**.

**PROCEDURAL BACKGROUND**

On or about July 14, 2017, the United States of America ("United States" or "government") initiated this civil forfeiture action by filing a Verified Complaint *in rem* (the "Complaint") (ECF No. 1) against six assets alleged to be traceable to corruption in the Nigerian oil and gas sector. The Complaint alleges that corruption proceeds were used to purchase, among other things, a condominium unit (the "One57 Property") located at 157 W. 57th Street, Unit 79, New York, N.Y. 10019.  (*Id.* ¶¶ 146-50.)  The One57 Property is titled in the name of One57 79 Inc. ("One57").

However, at the time the Complaint was filed, the One57 Property was already the subject of a foreclosure action brought by Banque Havilland S.A. ("Banque Havilland") to recover on the unpaid principal, interest, and other fees and penalties associated with a €25,000,000 loan against which the One57 Property had been pledged as security.  In fact, when the United States initiated this civil forfeiture action, the New York Supreme Court had already entered a judgment of foreclosure against the One57 Property.  Judgment of Foreclosure and Sale, *Banque Havilland S.A. v. One57 79 Inc.*, Case No. 85004/2017 (N.Y. Sup. Ct. June 7, 2017).  As a result of the foreclosure judgment, an auction for the One57 Property was scheduled to take place on July 19, 2017.

In recognition of the pre-existing foreclosure judgment and Banque Havilland's security interest in the One57 Property, the United States chose not to forfeit the One57 Property itself but, rather, to focus on the anticipated surplus proceeds from the then-pending foreclosure auction. Consequently, the original Complaint defines the second defendant *in rem* as "any and all funds, proceeds, cash, or benefits to be disbursed or otherwise owing to One57 79 Inc. . . . out of any surplus funds resulting from the foreclosure auction to be held on or about July 19, 2017."  Compl.

¶ 9(b).  On July 19, 2017, U.S. Magistrate Judge Stephen Wm. Smith issued an arrest warrant *in rem* for these surplus proceeds (the "Arrest Warrant").

On July 17, 2017, *i.e.*, two days before the foreclosure auction was to have been held, government counsel learned for the first time that involuntary bankruptcy petitions had been filed against, *inter alia*, One57 in the Bankruptcy Court for the Southern District of Florida.  *See In re One57 79 Inc.*, Case No. 17-18433-RAM (Bankr. S.D. Fla. July 3, 2017).  As a consequence of the bankruptcy petitions, the foreclosure sale was stayed pursuant to 11 U.S.C. § 362(a), which prohibits (with certain exceptions) the commencement or continuation of any judicial action against a debtor in a bankruptcy proceeding.  Needless to say, there was no auction on July 17, 2017, and, therefore, there were no resulting surplus proceeds.  As a further consequence, the Arrest Warrant could not be and was not executed.

On September 22, 2017, the United States filed an unopposed motion (ECF No. 25) seeking to continue an initial pretrial and scheduling conference in this matter.  In its motion, the government brought to the Court's attention the pending bankruptcy proceedings and a dispute in those proceedings as to whether this civil forfeiture matter could go forward given the automatic stay provisions of 11 U.S.C. § 362(a).  On September 26, 2017, this Court granted the government's motion (ECF No. 29) while also directing the government to serve notice once the automatic stay dispute had been resolved.

The next day, on September 27, 2017, the bankruptcy court dismissed the bankruptcy proceedings, rendering the automatic stay dispute moot.  On October 4, 2017, the government filed with the Court notice of the dismissals (ECF No. 31).  The bankruptcy dismissals not only removed any question as to the government's ability to prosecute this forfeiture action, but they also cleared

the way for the foreclosure auction of the One57 Property to proceed. That auction is now anticipated for November 8, 2017.

As a result of the collateral foreclosure proceedings and the interruption of the bankruptcy petitions, the surplus proceeds the government seeks to forfeit are no longer accurately described in the Complaint. Rather than proceeds from an auction to be held "on or about July 17, 2017," the proceeds will result from an auction to be held—barring any additional unforeseen events—on or about November 8, 2017.

In addition, the government determined after filing the original Complaint that, due to a transcription error, the ZIP codes for two other defendants *in rem* were incorrectly given. Since the legal descriptions for 807 and 805 Cima del Mundo Road were accurate (*see* ECF Nos. 1-3 & 1-4), the government does not believe the ZIP code error was of any significance. Nevertheless, because the Complaint requires amendment with respect to the proceeds from the One57 Property, the government takes this opportunity to also correct the ZIP codes for the Cima del Mundo properties.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "[t]he court should freely give leave when justice so requires." *See also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("Rule 15(a) requires the trial court to grant leave to amend 'freely.'"). Further, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

The Court should weigh several factors in considering whether to grant leave to amend: "(1) whether permitting the amendment would cause undue delay or undue prejudice; (2) whether

the movant is acting in bad faith or with a dilatory motive; (3) whether denying the amendment would prejudice the movant; and (4) whether the amendment is germane to the original complaint." *In re Norplant Contraceptive Prods. Liab. Litig.*, 16 F.R.D. 255, 257 (E.D. Texas 1995) (citing *Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1985), *Foster v. Daon Corp.*, 713 F.2d 148, 152 (5th Cir. 1983)).

## ARGUMENT

Each of the four factors cited above support granting the government's motion.

*First*, granting the government's motion would not cause undue delay or undue prejudice. The two claimants to this action, Farmers & Merchants and FRN, have given their consent to the requested relief. Further, the proposed amendments are minor and technical in nature such that they would not burden any party or impede the prosecution of this action by introducing new factual or legal issues.

*Second*, the government has not filed this motion in bad faith or with any improper motive. Rather, the motion is required because an unforeseen bankruptcy filing caused the suspension of a previously scheduled foreclosure auction. The government has kept the Court and the parties fully informed as to the foreclosure and bankruptcy proceedings and has moved as expeditiously as it could since the dismissal of the bankruptcies to confer with the claimants, obtain their consent, and make the instant motion.

*Third*, the government could be prejudiced by a denial of the motion. Rule G(2)(c) of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions requires the government's complaint to describe "with reasonable particularity" any property it seeks to forfeit. As detailed above, the original Complaint describes the proceeds of a foreclosure auction that never actually took place due to unforeseen intervening events. The government now seeks an

opportunity to amend the Complaint to provide a more accurate description of the defendant *in rem* and to avoid any suggestion that the property subject to forfeiture was not identified with "reasonable particularity."

***Fourth***, the amendments are indisputably germane to the original Complaint. They are concerned entirely with providing a more accurate description of certain defendants *in rem*, all of which were already identified in the original Complaint.

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court grant leave to file the attached First Amended Verified Complaint. The government further requests that the original Arrest Warrant be withdrawn and that an updated arrest warrant *in rem* be issued that is more accurately directed against the proceeds of the rescheduled foreclosure auction. Such a revised arrest warrant is attached. A proposed order is also attached.

[SIGNATURE ON NEXT PAGE]

Dated:  October 19, 2017  Respectfully submitted,

DEBORAH CONNOR, ACTING CHIEF
MONEY LAUNDERING AND ASSET
　RECOVERY SECTION (MLARS)

By: */s/ Michael W. Khoo*
MARY BUTLER
Chief, MLARS-International Unit
STEPHEN CAMPBELL
Deputy Chief, MLARS-IU
MICHAEL W. KHOO (DC Bar No. 997796)
Trial Attorney, MLARS-IU
*ATTORNEY-IN-CHARGE*
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 10100
Washington, DC  20005
Telephone:   (202) 514-1263
Facsimile:   (202) 616-2547
Email:         michael.khoo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 19th day of October 2017, a true and correct copy of the foregoing UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT and all attachments were served via the Court's CM/ECF System on counsel of record for all parties in accordance with Local Rule 5.1.

          */s/ Michael W. Khoo*
          Michael W. Khoo
          Trial Attorney