## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION No. 4:17-cv-02166** |
| | ) | |
| **- v.-** | ) | |
| | ) | |
| **THE M/Y GALACTICA STAR,** *et al.* | ) | |
| | ) | |
| **Defendants** *In Rem* | ) | |
| _____ | ) | |

### UNITED STATES' MOTION FOR PARTIAL STAY UNDER
### 18 U.S.C. § 981(g)(1)

Pursuant to 18 U.S.C. § 981(g)(1), the United States respectfully moves for a *partial* stay of this civil forfeiture case, pending the resolution of a criminal investigation arising, in part, from the same conduct that underpins this case.  As detailed in the accompanying declaration of FBI Special Agent Elizabeth A. Crispino ("Crispino Declaration"), proceeding with unfettered civil discovery in the instant action is likely to adversely affect the parallel criminal investigation.  The metes and bounds of the requested partial stay are detailed in Section II, *infra*. Under the proposed order lodged concurrently herewith, the government will be required to report to the Court every 180 days regarding the status of the related criminal investigation.

The government has conferred with the other parties to this case and the following claimants do *not* oppose the requested relief:  Famers and Merchants Bank of Long Beach ("F&M Bank"); Cross Holdings, Inc. ("Cross Holdings"); Banque Havilland S.A. ("Banque Havilland"); Board of Managers of the 1049 Fifth Avenue Condominium (the "Condominium Board"); Olajide Omokore ("Omokore"); and LightRay Capital LLC ("LightRay").  Claimant

1

Federal Republic of Nigeria ("FRN"), despite sustained discussions with the government over the course of more than two weeks, has not taken a position on the motion as of the time of filing.

### I.     Background

As the Court is aware, this civil forfeiture case stems from alleged fraud, bribery, and corruption in the Nigerian oil industry.  The United States alleges that Kolawole Aluko, Olajide Omokore, and others conspired to provide lavish gifts to the former Nigerian Minister for Petroleum Resources, Diezani Alison-Madueke.  In return, Ms. Alison-Madueke steered lucrative oil contracts to companies beneficially owned by Aluko and Omokore, even though these companies would not have been qualified to obtain these contracts in a fair, arms-length environment.  (*See* First Amended Complaint (Dkt. 35) at ¶¶ 1-5.)  The United States further alleges that the proceeds from these illicit oil contracts were laundered in and through the United States and were used to purchase valuable assets inside and outside of the United States, including the Defendants *in rem* in this case.

Claims to some or all of the Defendants *in rem* have been filed by F&M Bank; FRN; Cross Holdings; Banque Havilland; the Condominium Board; Omokore; and LightRay.  All claimants have answered the government's First Amended Complaint, with the exception of Cross Holdings.  By stipulation, the government has agreed to extend until April 6, 2018, the time for Cross Holdings to file its answer or motion under FRCP 12.  (Dkt. 85.)

As explained in the Crispino Declaration, the United States has commenced a criminal investigation into, among other things, the same alleged fraud, bribery, and money laundering conduct that forms the basis for this civil forfeiture case.  The criminal investigation was

commenced prior to the filing of the civil forfeiture action and remains ongoing.  At present time, no criminal charges have yet been brought.

    **II.**    **Argument**

18 U.S.C. § 981(g)(1) states: "Upon the motion of the United States, the court *shall* stay a civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case" (emphasis added).  Here, as explained above, the United States has commenced a criminal investigation into the same conduct that forms the basis for this civil forfeiture case.  Moreover, as explained in the Crispino Declaration, which is incorporated herein by reference, the forfeiture case and the criminal investigation are indisputably related.  Consequently, conducting civil discovery into the criminal conduct underlying this civil forfeiture case will adversely affect the United States' ability to pursue the co-pending criminal investigation.  Thus, under 18 U.S.C. § 981(g)(1), this case should be stayed.

Nonetheless, the United States recognizes that a *complet*e stay of this case may not be necessary to protect the co-pending criminal investigation, and a complete stay could, in some circumstances, unduly frustrate the interests of the parties.  Thus, the United States requests that the following motions, stipulations, or requests be allowed to move forward:

1) Those seeking to protect and preserve the value of the Defendants *in rem* pursuant to 18 U.S.C. §§ 981(g)(6) and 983(j) and/or Rule G(7)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), including, in particular, the United States' currently pending Application for Protective Order Under 18 U.S.C. § 983(j) (Dkt. 69);

2) Those seeking to permit the interlocutory sale of one or more of the Defendants *in rem* pursuant to Supplemental Rule G(7)(b);

3) Those that can be fairly considered and adjudicated solely on the pleadings and without the need to propound or respond to civil discovery or to adduce facts or evidence not already contained in the record, *provided that*, where a claimant to this action makes such a motion, the government shall be permitted to propound upon that claimant limited discovery in the form of special interrogatories under Supplemental Rule G(6), *provided further that*, if the recipient of such special interrogatories has a good-faith basis to believe that responding to the same would burden that claimant's right against self-incrimination, if any, then both the motion and compliance with the special interrogatories shall continue to be stayed; and

4) Those concerning other matters, including innocent-owner defenses or stipulated settlements, that the affected parties agree by stipulation would not adversely affect the ability of the government to conduct the ongoing criminal investigation and would not burden a claimant's right against self-incrimination, if any.

Furthermore, the United States requests that, notwithstanding the requested partial stay, claimant Cross Holdings be required to file its answer to the First Amended Complaint or other motion under FRCP 12 on or before April 6, 2018, unless the government and Cross Holdings, Inc., with the Court's approval, stipulate to one or more additional extensions of time for such a filing.

//

//

//

### III.     Conclusion

For the foregoing reasons, the United States respectfully requests that this civil action be

stayed, subject to the exceptions listed immediately above.


Dated:  March 9, 2018                    Respectfully Submitted,

                                         DEBORAH CONNOR, ACTING CHIEF
                                         MONEY LAUNDERING AND ASSET
                                              RECOVERY SECTION (MLARS)


                          By:       _/s/ Michael W. Khoo_____
                                    MARY BUTLER
                                    Chief, MLARS-International Unit
                                    STEPHEN CAMPBELL
                                    Deputy Chief, MLARS-IU
                                    MICHAEL W. KHOO (Attorney-in-Charge)
                                    STEPHEN A. GIBBONS
                                    JOSHUA L. SOHN
                                    Trial Attorneys, MLARS-IU
                                    United States Department of Justice
                                    1400 New York Avenue, NW
                                    Bond Building, Suite 10100
                                    Washington, DC  20005
                                    Telephone:  (202) 514-1263
                                    Facsimile:  (202) 616-2547
                                    Email:        michael.khoo@usdoj.gov

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action.

By:   */s/ Michael W. Khoo*
Michael W. Khoo