# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff(s),<br>-vs-<br><br>THE M/Y GALACTICA STAR, et. al.<br><br>              Defendants *In Rem* | CIVIL ACTION NO.: 4:17-CV-02166<br><br>**CLAIMANT FEDERAL REPUBLIC OF NIGERIA'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE INITIAL PRETRIAL AND SCHEDULING CONFERENCE** |

      Comes now Claimant Federal Republic, through undersigned attorneys, and respectfully requests that the Court deny the Plaintiff's Motion to Continue the Initial Pretrial and Scheduling Conference. The United States of America ("Plaintiff") has filed this fourth request for continuance less than two weeks before the Initial Pretrial and Scheduling Conference (the "Conference") not in the interest of judicial economy, efficiency or justice but because it is not prepared to move forward with this case. The request for continuance is predicated on the Plaintiff's pending Motion for Partial Stay (ECF Docket No. 94) which the Federal Republic of Nigeria (FRN) has not consented to and which the FRN may timely oppose. In any event, there is also no guarantee that the Court will grant the Motion for Partial Stay. As such the Conference should not be continued on the basis of an uncertain Motion for Partial Stay. Even if this case were to be ultimately stayed, there are several aspects of the case, which the Plaintiff concedes would remain active including ADR, which can still be meaningfully discussed at the Conference.

FRN is entitled to an expeditious adjudication of its interest(s) in the defendant assets. Further delays in this case including yet another continuance of the Conference only serve to prejudice FRN and violate its due process rights.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff commenced this action on July 7, 2017. Since that time, no Conference has be held because Plaintiff requested continuances on three separate occasions. [See ECF Docket Nos. 25, 39 and 70]. The instant request is the Plaintiff's fourth request for continuance.

The FRN claims interest in the defendant assets and has answered the complaint. [ECF Docket Nos. 47 and 48]. FRN desires the expeditious resolution of this case so that it can reclaim the defendant assets which are proceeds of theft, embezzlement, or misappropriation by the Conspirators of public funds from its public treasury. The defendant assets also constitute proceeds of criminal breach of trust, official corruption, abuse of office and other criminal activities perpetrated by the Conspirators in violation of Nigeria's criminal and penal statutes.

Prior to filing its Motion for Partial Stay (ECF Docket No. 94), the Plaintiff's attorneys consulted with FRN's attorneys. FRN's attorneys expressed reservations about the proposed motion, particularly its dilatory effects. FRN's counsel further advised that they would seek clarification from their client before taking a position whether to oppose the motion. However, FRN's counsel have not consented to the Motion for Stay as they are still awaiting instructions from their client. Depending on feedback received from FRN, its counsel may well file an opposition to the Motion for Stay.

///

///

///

2

**ARGUMENT**

I. **The Uncertainty of Plaintiff's Underlying Motion for Partial Stay Requires Denial of the Motion to Continue.**

The Plaintiff has no legitimate basis for a further continuance – certainly none that can overcome the prejudice to FRN (and the taxpayers) that would be sure to result from continued delay of this matter. Contrary to the Plaintiff's assertion, there is no unopposed motion for a partial stay. FRN's attorneys previously expressed their reservations about the motion for a partial stay to Plaintiff and advised Plaintiff that they (FRN's attorneys) would seek authorization from their client before taking a position on the motion for partial stay. In other words, FRN's attorneys may very well file a timely opposition to the motion for partial stay if their client so authorizes them. Pursuant to Local Rule 7.4, FRN has twenty-one (21) days from the date of filing of the motion for partial stay to submit its opposition. Accordingly, FRN could submit an opposition on or before March 30, 2018. It is therefore incorrect for Plaintiff to assume, as it does, that the motion for partial stay is unopposed. Even if the motion for partial stay were unopposed, it is highly presumptuous for the Plaintiff to assume that the Court will grant the motion for partial stay as a matter of course.

II. **The Grant of a Partial Stay Does not Preclude a Timely Pretrial and Scheduling Conference.**

Even if the motion for partial stay were to be granted, several aspects of the case would remain active. According to the motion for partial stay,

> "the United States requests that the following motions, stipulations, or requests be allowed to move forward:

1) Those seeking to protect and preserve the value of the Defendants *in rem* pursuant to 18 U.S.C. §§ 981(g)(6) and 983(j) and/or Rule G(7)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), including, in particular, the United States' currently pending Application for Protective Order Under 18 U.S.C. § 983(j) (Dkt. 69);

2) Those seeking to permit the interlocutory sale of one or more of the Defendants *in rem* pursuant to Supplemental Rule G(7)(b);

3) Those that can be fairly considered and adjudicated solely on the pleadings and without the need to propound or respond to civil discovery or to adduce facts or evidence not already contained in the record, *provided that*, where a claimant to this action makes such a motion, the government shall be permitted to propound upon that claimant limited discovery in the form of special interrogatories under Supplemental Rule G(6), *provided further that*, if the recipient of such special interrogatories has a good-faith basis to believe that responding to the same would burden that claimant's right against self-incrimination, if any, then both the motion and compliance with the special interrogatories shall continue to be stayed; and

4) Those concerning other matters, including innocent-owner defenses or stipulated settlements, that the affected parties agree by stipulation would not adversely affect the ability of the government to conduct the ongoing criminal investigation and would not burden a claimant's right against self-incrimination, if any." [See ECF Docket No. 94 at pages 3 – 4).

The itemized matters exempted by the Plaintiff from its request for stay constitute a significant portion of this case and there is no plausible reason why those matters should not be the subject of a Conference. Important matters such as deadlines for interlocutory sale of assets, dispositive motions, and participation in ADR mechanisms can be discussed and set at the Conference instead of leaving such matters to the sole discretion and control of the Plaintiff.

### III.     Plaintiff has no Legal Basis for a Continuance of the Conference.

The Plaintiff's argument that it would be inefficient for the parties to conduct detailed case management discussions while the government's motion for partial stay is pending is bald, conclusory and unsupported by legal authority. The Federal Rules of Civil Procedure commit case management to the sound supervision and superintendence of the Court. Indeed the purposes of a scheduling conference include: (i) expediting disposition of the action; (ii) establishing early and continuing control so that the case will not be protracted because of lack of management; and (iii) facilitating settlement. See Fed. R. Civ. P. 16(a).

Plaintiff fails to establish good cause why the Conference should be continued yet again. Instead, Plaintiff's continuous requests for continuance delay the disposition of this case; protract the case and make it unmanageable; and hinder any genuine attempts at settlement. FRN therefore strongly opposes Plaintiff's attempt to wrest control and management of this case from the purview.

### IV.     A Continuance is NOT in the Interest of the Federal Republic of Nigeria.

A further continuance of the Conference and by extension delay in this disposition of this case does not inure to FRN's interest. FRN contends that the defendant assets are proceeds of embezzlement of its national commonwealth and are also derived from corrupt practices and other violations of its criminal laws. FRN therefore has an interest in the speedy resolution of this case

5

and recovery of the defendant assets. If the Plaintiff is not interested moving this matter along, this Court should dismiss this action so that FRN can explore other channels, including private actions and enforcement of its domestic court judgments, for recovering the subject assets.

## **CONCLUSION**

For these reasons, Plaintiff's Motion to Continue the Initial Pretrial and Scheduling Conference should be denied and said Conference should proceed on March 20, 2018.

Dated: March 14, 2018

Respectfully submitted,

\_\_\_\_/s/Anthony O. Egbase_____
Anthony O. Egbase (TXSD #3109639)
Gerald O. Egbase (CA: 213331)
Adam Apollo (CA 285829)
Sedoo A. Manu (CA 308860)
**A.O.E LAW & ASSOCIATES**
350 S. Figueroa St., Ste. 189
Los Angeles, CA 90071
Tel: (213) 620-7070
Fax: (213) 620-1200
info@aoelaw.com
*Attorneys for Claimant Federal Republic of Nigeria*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2018, I caused service of the foregoing document by electronically filing the foregoing with the Clerk of the U.S. District Court for the Southern District of Texas using its CM/ECF System, which will send notification to all counsel.

I declare under penalty of perjury that the foregoing is true and correct.

By:__/s/Anthony O. Egbase_____

Anthony O. Egbase (TXSD #3109639)
**A.O.E LAW & ASSOCIATES**
350 S. Figueroa St., Ste. 189
Los Angeles, CA 90071
Tel: (213) 620-7070
Fax: (213) 620-1200
info@aoelaw.com

*Attorneys for Claimant Federal Republic of Nigeria*