UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:17-cv-02166** |
| | ) | |
| **THE M/Y GALACTICA STAR et al.** | ) | |
| | ) | |
| **Defendants in Rem** | ) | |
| | ) | |
| | ) | |

UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS TO STRIKE
PUTATIVE CLAIMANT LIGHTRAY CAPITAL, LLC

I.       **Introduction**

Pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), Plaintiff United States respectfully moves to strike putative Claimant Lightray Capital, LLC ("Lightray").  The reason is simple: by its own admission, Lightray does not own any of the Defendant assets in this case.  Instead, Lightray merely owns the corporate shares of the company that owns (directly or indirectly) the Defendant assets.  Under settled law, a shareholder of a company does not have standing to challenge forfeiture of that company's assets.  This rule applies even if the shareholder is a *sole* shareholder who own *all* shares of the relevant company.  Because Lightray admits that it is merely the sole shareholder of the company who owns the Defendant assets, Lightray lacks

standing to challenge the forfeiture of those assets.  Accordingly, Lightray's claim should be stricken and Lightray should be dismissed as a Claimant.[1]

## II.     Background

The United States filed this *in rem* civil forfeiture action against several Defendant assets on July 14, 2017, and filed an amended Complaint on October 19, 2017.  Dkt. 33-1.  As alleged in the amended Complaint, the United States contends that the Defendant assets were purchased with money derived from massive fraud and corruption in the Nigerian oil industry.

Lightray filed a claim to the Defendant assets on December 29, 2017.  Dkt. 61. Lightray's claim states that, in July 2017, Lightray purchased 100% of the shares of common stock in Earnshaw Associates Ltd. ("Earnshaw").  *Id.* at ¶ 3.  Lightray's claim also states that Earnshaw directly owns one of the Defendant assets (the yacht *M/Y Galactica Star*) and that Earnshaw owns subsidiary companies that own the other Defendant assets.  *Id.*

Lightray does not assert that Lightray itself owns any of the Defendant assets.  Instead, Lightray states that it filed its claim "in order to preserve its rights to protect its interests as the purchaser and owner of the shares of Earnshaw . . . ."  *Id.* at ¶ 4.  Lightray's status as Earnshaw's shareholder is the sole asserted basis for Lightray's claim.

On May 24, 2018, Lightray withdraw its claim as to the *Galactica Star* but maintained its claim as to the other Defendant assets.  Dkt. 126.

---

[1] Because this Motion can be resolved on the pleadings, it is not barred by the Court's partial stay of this case.  *See* Dkt. 123 (Partial Stay Order) at ¶2(c) (exempting motions "that can be fairly considered and adjudicated solely on the pleadings" from the stay).

### III.    Legal Standard

Under Rule G(8)(c) of the Supplemental Rules, the government may move to strike the claim or answer of a putative claimant "because the claimant lacks standing."  Supp. R. G(8)(c).  Such a motion may be presented as a motion for judgment on the pleadings (as in this motion) or as a summary judgment motion.  Supp. R. G(8)(c)(ii)(B).  Under the standard for judgment on the pleadings, although the court must accept as true all factual allegations in the challenged pleading, the putative claimant must state enough specific facts to state a claim for relief that is plausible on its face.  *See United States v. $106,656.31 in U.S. Currency,* No. 4:12-cv-465, 2013 WL 12137754 at *1 (N.D. Tex. Jan. 14, 2013).

Standing is a threshold issue on which the claimant bears the burden of proof in every civil or criminal forfeiture case.[2]  Since property subject to forfeiture cannot "defend" itself, those persons who have an interest in the specific defendant property and who intend to challenge the civil complaint's allegations of forfeitability must come forward to properly intervene in the *in rem* proceeding.[3]  If the claimant lacks standing, the court lacks jurisdiction to consider any challenge the claimant may bring to a forfeiture action.  *United States v. Real Property Located at 5201 Woodlake Dr.*, 895 F. Supp. 791, 793 (M.D.N.C. 1995).

---

[2] *See, e.g., United States v. BCCI Holdings (Luxembourg), S.A., et al.*, 833 F. Supp. 9, 13 (D.D.C. 1993); *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2nd Cir. 1999) (claimants must demonstrate both statutory and constitutional standing before contesting a forfeiture); *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004); *United States v. 1998 BMW "I" Convertible*, 235 F.3d 397, 399 (8th Cir. 2000) ("standing is a threshold question in every federal case"); *United States v. $321,470.00 in U.S. Currency,* 874 F.2d 298, 302 (5th Cir. 1989) (Standing literally a threshold question; claimant bears burden of establishing standing).

[3]  *See United States v. All Funds in Account Nos. 747.034/278 et al. (Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protect his interest."); *United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003).

Every person who seeks to intervene in a forfeiture case must establish that he or she has both "statutory standing" and "Article III standing" (*i.e.* case-or-controversy standing). *See United States v. Aero Jet Commander Aircraft,* No. 04-4844, 2005 WL 2000670, *2 (S.D. Tex. Aug. 18, 2005). "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' [or 'constitutional standing'] relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution.'" *United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 5-6 (D.D.C. 2009) (quoting Stefan D. Cassella, *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4 (2006)); *see also United States v. One 1988 Prevost Liberty Motor Home*, 952 F. Supp. 1180, 1203 (S.D. Tex. 1996) ("Claimant, in a forfeiture action, bears the burden of showing that he owns or has an interest in the forfeited property. A party seeking to challenge a forfeiture must 'demonstrate an interest in the seized item sufficient to satisfy the Court of its standing to contest the forfeiture.'")

## III.   Argument

Lightray lacks Article III standing to participate as a Claimant in this case because it lacks a legally-cognizable interest in the Defendant assets. As detailed above, the sole asserted basis for Lightray's claim is that Lightray owns 100% of the corporate stock of Earnshaw, and that Earnshaw indirectly owns the Defendant assets.[4]  In other words, Lightray asserts standing as the sole shareholder of the corporation (Earnshaw) that indirectly owns the Defendant assets. Yet "[e]stablished case law has made clear that shareholders of a corporation and members of an LLC

---

[4] Now that Lightray has withdrawn its claim as to the *Galactica Star* (which is directly owned by Earnshaw), the remaining Defendant assets are owned by Earnshaw subsidiaries. *See* Dkt. 61 at ¶ 3.

4

do not have standing to challenge forfeiture of the entity's assets." *United States v. Young*, 77 F. Supp. 3d 1191, 1192 (D. Utah 2014); *see also United States v. 479 Tamarind Dr.*, No. 1:98-cv-02279, 2011 WL 1045095, at *2 (S.D.N.Y. Mar. 11, 2011) ("[A] shareholder has no standing to contest the forfeiture of an asset of a corporation because shareholders do not have an ownership interest in any specific property owned by that corporation."); *United Sates v. New Silver Palace Restaurant, Inc.*, 810 F. Supp. 440, 442 (E.D.N.Y. 1992) ("Since the shareholder claimants are neither the owners nor lienholders with respect to corporate assets, they have no standing in this forfeiture proceeding."); *see generally Dole Food Co. v. Patrickson*, 538 U.S. 468, 474-75 (2003) ("A basic tenet of American corporate law[5] is that the corporation and its shareholders are distinct entities.  An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets . . . ." (citations omitted)).

The principle that shareholders do not have standing to challenge the forfeiture of a corporation's assets applies fully to closely-held companies and companies with a single

---

[5] With one exception, the Earnshaw-subsidiary companies that own the Defendant assets are domestic American companies. *See* Dkt. 61 at ¶ 3(c-d) (subsidiaries 1049 5th Avenue, Inc. and Wamdara, Inc. both domestic companies); Dkt. 35 at ¶ 150 (subsidiary One57 79 Inc. is a domestic company).  The one exception is Rivermount International Ltd., which owns one of the Defendant assets.  Dkt. 61 at ¶ 3(e).  Rivermount is a British Virgin Islands (BVI) company. Dkt. 35 at ¶ 168.  Like domestic corporate law, BVI law holds that a corporation and its shareholders are separate and that a shareholder generally lacks standing to challenge an alleged wrong done to the corporation (which would include a forfeiture of the corporation's assets).  *See In re Kingate Mgmt. Ltd. Litig.,* No. 09-CV-5386 (DAB), 2016 WL 5339538, at *36 (S.D.N.Y. Sept. 21, 2016) ("Under BVI/Bermuda law, the starting point for questions of shareholder standing is the principle set forth in Foss v. Harbottle, 2 Hare 461 (Eng. 1843), which provides that '[t]he proper plaintiff in an action in respect of a wrong alleged to be done to a corporation is, prima facie, the corporation.'")  To be sure, BVI law provides an exception to this rule if the wrongdoer is in control of the corporation and is preventing the corporation from asserting its rights.  *See id.*  But the alleged "wrongdoer" for purposes of Lightray's claim is the United States government, which is allegedly seeking to wrongfully forfeit Rivermount's property.  Lightray never alleges that the United States is in control of Rivermount or that the United States has prevented Rivermount from asserting a claim on its own behalf.  Thus, Lightray lacks standing to assert a claim on Rivermount's behalf.

shareholder.  In *United States v. Real Property Associated with First Beneficial Mortgage Co.*, No. 3:08-cv-00285, 2009 WL 1035233, at *4 (W.D.N.C. Apr. 16, 2009), the court held that a sole shareholder lacked standing to contest the forfeiture of his company's property:  "The law cannot allow a sole corporate shareholder to disregard the corporate entity when it suits him and allow him the benefit of the corporate entity when he desires."  *See also United States v. Dupree*, 781 F. Supp. 2d 115, 140 (E.D.N.Y. 2011) (owner of a limited liability company lacked valid property interest in funds seized from company's bank account); *United States v. Two Bank Accounts*, Nos. 1:06-cv-04016 & 1:06-cv-04005, 2008 WL 5431199, at *5 (D.S.D. Dec. 31, 2008) (one hundred percent shareholder "failed to demonstrate a sufficient interest in the bank accounts to create a case or controversy").

The holding of these cases applies fully to the situation here.  Lightray does not own any of the Defendant assets, and its claim to the Defendant assets is based solely on its ownership of Earnshaw shares.  As a matter of law, Lightray's status as sole shareholder of Earnshaw does not grant Lightray standing to contest forfeiture of assets that are owned by Earnshaw subsudiaries. Accordingly, Lightray's claim should be stricken and Lightray should be dismissed from this case.

## IV.     Conclusion

For the foregoing reasons, the United States respectfully requests that Lightray's claim be stricken and Lightray be dismissed from this case.

Respectfully Submitted,

DEBORAH CONNOR, ACTING CHIEF
MONEY LAUNDERING AND ASSET
   RECOVERY SECTION (MLARS)


By:       /s/ *Joshua L. Sohn*
        MARY BUTLER
        Chief, MLARS-International Unit
        STEPHEN CAMPBELL
        Deputy Chief, MLARS-IU
        MICHAEL W. KHOO (DC Bar No. 997796)
        JOSHUA L. SOHN (CA Bar No. 250105)
        Trial Attorneys, MLARS-IU
        United States Department of Justice
        1400 New York Avenue, NW
        Bond Building, Suite 10100
        Washington, DC  20005
        Telephone:   (202) 353-2223
        Facsimile:   (202) 616-2547
        Email:          joshua.sohn@usdoj.gov

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action.

By:  */s/ Joshua L. Sohn*
Joshua L. Sohn