IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>            Plaintiff <br> v. <br> THE M/Y GALACTICA STAR, *et al.* <br>            Defendants *In Rem.* | CIVIL ACTION NO. 4:17-CV-02166 |

**MOTION AND BRIEF FOR
INTERLOCUTORY SALE OF DEFENDANT YACHT M/Y *GALACTICA STAR***

Plaintiff United States ("the Government"), together with Claimant Federal Republic of Nigeria (collectively "Moving Parties"), respectfully move the Court for an Order authorizing a procedure for interlocutory sale of the yacht M/Y *Galactica Star*, the lead Defendant asset in this case. While no party opposes the interlocutory sale or the proposed terms thereof, LightRay Capital LLC ("LightRay") and Earnshaw Associates Ltd. ("Earnshaw") oppose the Government's factual recitation and will file a supplemental memorandum setting forth their position.[1]

**I.  Background**

On July 14, 2017, the Government filed a civil forfeiture action seeking to forfeit several assets, including the *Galactica Star*. (ECF # 1). The Government filed an amended complaint on October 19, 2017. (ECF # 35). On December 11, 2017, the Federal Republic

---

[1] For this reason, Moving Parties have not styled this Motion as an "unopposed" motion under L.R. 7.2, out of an abundance of caution. In addition, the Board of Managers of the 1049 Condominium states that they "take no position on the sale of the ship" and ask that this be noted explicitly in the Motion.

Motion for Interlocutory Sale of *Galactica Star* – Page 1

of Nigeria filed a claim on the *Galactica Star*, asserting that this asset is the proceeds of embezzlement of Nigerian treasury funds. (ECF# 47, at 5).[2]

According to the amended complaint, the *Galactica Star* is owned by Earnshaw. On December 29, 2017, LightRay filed a claim on the *Galactica Star*, asserting that it had purchased 100 percent of the stock in Earnshaw and therefore had an interest in the *Galactica Star*. (ECF #61, at 3).

On May 4, 2018, the Court granted the Government's motion to partially stay the proceedings pending a related criminal investigation. However, the partial stay allowed the parties to move to preserve the value of the Defendant assets, including the filing of motions to authorize the interlocutory sale of these assets. (ECF #123).

On May 10, 2018, LightRay, Earnshaw, and the Government entered into a Stipulation under which LightRay and Earnshaw withdrew any claim to the *Galactica Star*. (ECF # 139-2). As part of this Stipulation, LightRay and Earnshaw also "agree not to oppose an interlocutory sale of the GALACTICA STAR if and when the United States requests the Court to approve such a sale." (*Id.* at ¶ 8).

As part of the aforementioned Stipulation, the Government took physical custody of the *Galactica Star* and has been maintaining it, at Government expense, since June 2018. The *Galactica Star* is a 65-meter yacht originally purchased for more than $80 million, so maintaining this asset is an expensive undertaking. The Government has been spending

---

[2] Claimant Banque Havilland also filed a claim on the *Galactica Star*, though Banque Havilland recently informed the Government that it will likely withdraw its claim and exit this case in the near future. Like the other parties, Banque Havilland has no objection to this motion.

roughly $170,000 per month to maintain this asset, and these maintenance costs are steadily eroding the amount of money that would be available as a recovery if and when the *Galactica Star* is forfeited and sold.

## II.     Request and Argument

Moving Parties respectfully request permission for a private interlocutory sale of the *Galactica Star* under 28 U.S.C. § 2004.  In civil judicial forfeiture cases, the interlocutory sale of real and personal property is specifically authorized by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G(7) provides:

> (b) *Interlocutory Sale or Delivery.*
>
> (i) *Order to Sell*. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>
> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>
> (D) the court finds other good cause.
>
> (ii) *Who Makes the Sale*. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.

Supplemental Rule G(7)(b).

Here, subsection (B) weighs heavily in favor of interlocutory sale, as the Government is spending $170,000 per month to maintain the *Galactica Star*—expenses that are steadily

Motion for Interlocutory Sale of *Galactica Star* – Page 3

eroding the net value of the asset. Subsection (A) also weighs in favor of interlocutory sale, as a yacht such as the *Galactica Star* is subject to market value depreciation and deterioration and decay if it remains moored and unused for a protracted period. Thus, good cause exists to justify interlocutory sale of the *Galactica Star*. *See, e.g., United States v. One Parcel Lot 41, Berryhill Farm*, 128 F.3d 1386, 1390 (10th Cir. 1997) (interlocutory sale of residence avoided waste and expense); *United States v. Haro-Verdugo*, No. CR 05-125, 2006 WL 1990843, at *2 (D. Ariz. July 13, 2006) (magistrate judge recommended interlocutory sale under Supp. Rule E(9)(b) where property was deteriorating).

The Supplemental Rules also provide guidance on procedures to employ in selling the property:

> (iii) *Sale Procedures*. The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.
>
> (iv) *Sale Proceeds*. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

Supplemental Rule G(7)(b).

28 U.S.C. § 2004 addresses the sale of personal property under federal court supervision. It authorizes sale procedures consistent with sales of real property under 28 U.S.C. § 2001, yet also authorizes the court to adopt other procedures. Here, the *Galactica Star* is a bespoke, multi-million dollar super-yacht, and Moving Parties therefore request that the Court adopt interlocutory sale procedures that are typically used for super-yachts and similar assets. The Government has significant experience selling such assets, and based on that experience, Moving Parties respectfully request that the following interlocutory sale

Motion for Interlocutory Sale of *Galactica Star* – Page 4

process be adopted:[3]

The Moving Parties shall establish an open bidding process for the *Galactica Star*. The process shall open for bids starting fifteen (15) calendar days after entry of the Court Order authorizing interlocutory sale, and shall remain open for bids for forty-five (45) calendar days thereafter. This 45-day period is referred to herein as the "Open Bidding Period". Between the entry of the Order and the close of the Open Bidding Period, the Parties shall cooperate and work together collaboratively to announce and publicize the existence of the open bidding process and to encourage the submission of bids from qualified buyers.

The Moving Parties have selected Fraser Yachts, a qualified yacht sales agent or broker, to assist with the announcement and publicizing of the open bidding process and the solicitation of bids from qualified buyers. Fraser Yachts has agreed to advance up to $100,000 in pre-sale marketing costs for the interlocutory sale of the *Galactica Star*.

<u>Sales Commission</u>. The total sales commission shall be calculated as follows: a sales commission of 10% of the first ten million dollars, 5% of the second ten million dollars, and 2.5% of any amounts in excess of twenty million dollars. Fraser Yachts is to be reimbursed its actual marketing costs (up to $100,000.00) from the total sales commission. The total commission, less actual marketing costs of up to

---

[3] Because the *Galactica Star* is a bespoke super-yacht, the interlocutory sale procedures set forth herein are more complex than the interlocutory sale procedures that will be presented to the Court for the Defendant real estate assets (the Montecito Properties and the Fifth Avenue Units).

Motion for Interlocutory Sale of *Galactica Star* – Page 5

$100,000.00 reimbursable to Fraser Yachts, shall constitute the net sales commission. Of that net sales commission, Fraser Yachts shall be paid 40% and the remaining 60% shall be paid to any other qualified yacht broker that represents the winning bidder upon completion of the sale of the *Galactica Star*.

Free Trade Zone. The *Galactica Star* may be relocated to a free-trade zone for the purpose of marketing for sale to U.S. residents while deferring payment of duty.

1. Evaluation Process

   a. The Moving Parties and VSE, the contractor retained by the Government to maintain the *Galactica Star*, shall cooperate with and disclose to each other any and all information relating to the present market value of the *Galactica Star*, including but not limited to:

   (1) All information and data relating to the *Galactica Star*'s servicing history and maintenance records.

   (2) All information and data relating to the *Galactica Star*'s market value, including any valuations that have been performed with respect to the *Galactica Star* and the process by which such valuations were determined.

   (3) All information and data relating to any costs, including unpaid costs, incurred after the filing of the Verified Complaint of Forfeiture in connection with the *Galactica Star*'s management, custody, servicing, storage, use, maintenance, and operations.

   (4) All information and data relating to any liens or claims, including pending, settled, contingent or threatened, involving the *Galactica Star*.

   b. Based upon the data and information collected and shared pursuant to

Motion for Interlocutory Sale of *Galactica Star* – Page 6

Paragraph 1(a), the Moving Parties have mutually agreed upon a minimum reserve price ("MRP") for the *Galactica Star* of $42,000,000.00.

    2.    <u>Inspection And Testing Process</u>

        a.    During the Open Bidding Period, the Government will allow potential bidders to inspect the *Galactica Star* and to inspect and review its relevant maintenance and servicing records. The bidders shall bear the cost of such inspections including the direct cost of sea trials.

    3.    <u>Bid Requirements</u>

The Government, in consultation with the Federal Republic of Nigeria, will have discretion as to the bid process, selection of qualified bidders and the resolution of any disputes.[4]

At any time up to the close of the Open Bidding Period, prospective bidders may submit a bid to purchase the *Galactica Star*. The deadline to submit bids is 5:00 p.m. eastern time on the last business day of the Open Bidding Period. No bid shall be considered unless it meets all of the following criteria:

        a.    The bid shall be in writing.

        b.    The bid shall be submitted to the Government pursuant to instructions to be included in the marketing materials.

        c.    The bid shall identify the buyer(s)' full legal names, place(s) of

---

[4] To clarify, the Government shall have an obligation to consult with the Federal Republic of Nigeria when conducting the bid process, selecting qualified bidders, and resolving any disputes. However, after such consultation, the Government retains the right to reject any bid procedures or bidders that it believes improper, and to resolve disputes with regard to procedures or bidders.

Motion for Interlocutory Sale of *Galactica Star* – Page 7

citizenship, and place(s) of residence. If any buyer is an entity, the bid shall identify the buyer's true and complete legal name; type of entity (*e.g.*, partnership, corporation, etc.); all general and limited partners if a partnership; and any other information that may be requested by any Moving Party after submission of the bid.

    d.    The bid shall describe the buyer's experience and familiarity with the ownership and/or operation of yachts and the buyer's reason(s) for wanting to purchase the *Galactica Star*.

    f.    The bid shall be in United States dollars only.

    g.    The bid shall warrant and represent that the buyer is ready, willing, and able to close the purchase and pay the offered price in full, in United States dollars, by no later than May 31, 2019, if the bid is accepted. If the buyer believes that a closing date later than May 31, 2019 is necessary, the bid shall specify an alternative date and shall explain the reason(s) for such date.

    h.    The bid shall meet or exceed the MRP and must include satisfactory proof of funds together with verifiable information as to the source of funds.

4.    <u>Analysis and Selection of Bids</u>

    a.    No later than 14 days after the close of the Open Bidding Period, the Moving Parties shall determine the highest bid received that is in conformity with the aforementioned criteria.

    b.    The Government, in consultation with the Federal Republic of Nigeria, reserves the right to (1) verify any bidder's identity and the source of funds proposed to be used to purchase the *Galactica Star*, and (2) reject in its discretion such bid on the basis of

unsatisfactory information obtained through such verification.[5] The Government shall notify the Federal Republic of Nigeria of its determinations and of any rejections made pursuant to this subparagraph.

    5.    <u>Post-Bid Proceedings</u>

        a.    Immediately upon determination of the winning bid, the Government and the winning bidder shall enter into a Purchase Agreement for the *Galactica Star*. The Purchase Agreement shall include terms for a non-recoverable deposit pending completion of the sale.

        b.    Upon mutual acceptance of the Purchase Agreement by the Moving Parties and the winning buyer, closing and delivery shall be on or before June 5, 2019. The *Galactica Star* shall be delivered in "As-Is, Where-Is" condition.[6]

        c.    The Government shall not in any way be liable for any losses incurred by a bidder or third party in connection with the purchase, sale, use, or operation of the *Galactica Star*. The Government makes no representation, warranty, statement, guaranty, promise, or commitment as to the quality or seaworthiness of the *Galactica Star*.

        d.    Any deposit and all purchase funds shall be wire-transferred by the buyer in United States dollars to the Seized Asset Deposit Fund escrow account established

---

[5] As in Footnote 3, the Government shall have an obligation to consult with the Federal Republic of Nigeria when considering whether to reject a bid on the basis of unsatisfactory information obtained through verification. However, after such consultation, the Government retains the right to reject a bid on the basis of unsatisfactory information obtained through verification.

[6] The record titleholder for the *Galactica Star*, Earnshaw, has withdrawn any claim to the *Galactica Star* and has agreed not to oppose an interlocutory sale. To the extent necessary, the Moving Parties will involve Earnshaw in signing over title to the winning buyer.

by the Government.

  f. If the sale of the *Galactica Star* is not completed by June 5, 2019, then the Moving Parties shall offer it for sale to the next-highest bidder.

 6. <u>Sale Proceeds</u>

The net proceeds of the sale of the *Galactica Star* shall be distributed as follows:

  a. First, payment of any costs of escrow and sale, including fees and costs due to Fraser Yachts and any other qualified yacht broker representing the winning bidder upon completion of the sale of the *Galactica Star* and fees and costs due to any contractors utilized by the Government in connection with the sale of the *Galactica Star*;

  b. Second, payment to VSE of any outstanding balance for services provided to the *Galactica Star*;

  c. Third, payment of any live claims to the *Galactica Star* that have been made in this litigation, if (and only if) such claims are not disputed by any other party;

  d. Fourth, the remaining proceeds (the "Net Proceeds") shall constitute the substitute *res* allegedly subject to forfeiture in lieu of the *Galactica Star*.

 The Net Proceeds must then be held in the Seized Asset Deposit Fund maintained by the Government and shall bear interest pending the conclusion of the forfeiture action. *See* Supp. R. G(7)(b)(iv). The Government shall provide wire-transfer instructions directly to the escrow agent designated by the government to handle the closing on the sale of the *Galactica Star*. Upon delivery of the Net Proceeds to the interest-bearing account, the Government shall notify the other Moving Parties and the Court of the amount that has been deposited as the substitute *res*, by filing a notice with the Court. If, at the conclusion of the case, the

Court enters an order of forfeiture, the property will be disposed of in accordance with the law.  *See* Supp. R. G(7)(c).

## IV. Conclusion

For the foregoing reasons, the Moving Parties respectfully request that the Court authorize the interlocutory sale of the *Galactica Star* and that the Court approve procedures leading to sale of this asset under the procedures outlined above.

DATED:  March 6, 2019

Respectfully submitted,

*/s/ Joshua L. Sohn*
Joshua L. Sohn
Trial Attorney, Money Laundering and
Asset Recovery Section
U.S. Department of Justice
1400 New York Ave. NW, Suite 10100
Washington, D.C. 20530
(202) 353-2223
joshua.sohn@usdoj.gov

**Counsel for Plaintiff United States**

*/s/ William F. Coffield* (with permission)
William F. Coffield
Berliner, Corcoran & Rowe, LLP
1101 17th St. NW, Suite 1100
Washington, D.C. 20036
(202) 293-5555
wcoffield@bcr-dc.com

**Counsel for Claimant Federal Republic of Nigeria**

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I caused service of the foregoing document on all counsel of record by electronically filing the foregoing with the Clerk of the U.S. District Court for the Southern District of Texas using its CM/ECF System, which will send notification to all counsel of record.

                                               */s/ Joshua L. Sohn*
                                               Joshua L. Sohn
                                               Counsel for Plaintiff United States

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with all counsel about the present Motion. No party opposes the request for interlocutory sale or the proposed terms thereof, as set forth in the Motion. However, LightRay Capital LLC ("LightRay") and Earnshaw Associates Ltd. ("Earnshaw") oppose the Government's factual recitation in the Background section of the Motion, and will file a supplemental memorandum setting forth their position.

                                               */s/ Joshua L. Sohn*
                                               Joshua L. Sohn
                                               Counsel for Plaintiff United States